UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TROY WILKES,<br><br>    Plaintiff,<br><br>v.<br><br>SAN MATEO COUNTY TRANSIT DISTRICT (SAMTRANS), et al.,<br><br>    Defendants. | Case No. 25-cv-06224-TLT<br><br>**ORDER DISMISSING CASE WITH PREJUDICE PURSUANT TO 28 U.S.C. § 1915(E)(2)**<br><br>Re: Dkt. Nos. 16, 17, 19 |

This is the second time the Court has undertaken the mandatory screening of *pro se* Plaintiff Michael Troy Wilkes ("Plaintiff")'s case pursuant to 28 U.S.C. § 1915. Because Plaintiff has failed to cure the deficiencies of his original complaint and establish a case or controversy over which the Court has jurisdiction, the Court must dismiss the action as frivolous.

After review of the motions, exhibits, and attachments thereto, the Court screens and **DISMISSES** this case **WITH PREJUDICE**.

**I. BACKGROUND**

On July 24, 2025, Plaintiff filed a complaint against Defendants SamTrans, Bay Area Rapid Transit, Caltrain, San Mateo Police Department, California Department of Motor Vehicles, San Mateo Superior Court, San Mateo Event Center, United Airlines, Delta Airlines, AirBnB, Inc., and U.S. Bank. ECF 1. Plaintiff alleged (1) disability discrimination under Americans with Disabilities Act ("ADA") Title I; (2) public services discrimination under ADA Title II; (3) denial of public accommodation under ADA Title III; (4) retaliation under ADA Title V; (5) violation of due process; and (6) housing discrimination under the Fair Housing Act. *Id.* ¶¶ 35–49.

1	Plaintiff's primary dispute with Defendants stems from Plaintiff's use of "prosthetic inline
2	skates as a mobility aid." *Id.* ¶ 1. Plaintiff suffers from "severe pelvic injuries and pain-induced
3	cardiovascular events." *Id.* ¶ 2. Rather than rely on a common wheelchair, Plaintiff uses inline
4	skates a prosthetic. *Id.* Plaintiff contends that the numerous Defendants in this action have denied
5	him access due to his inline skates. *Id.*

6	On July 24, 2025, Plaintiff filed a motion for temporary restraining order. ECF 2. The
7	Court denied the motion. ECF 5. The Court found that Plaintiff did not show a likelihood of
8	success on his claims because his motion was supported only by conclusory statements. ECF 3 at
9	2. Plaintiff did not provide any argument establishing why he is likely to succeed on his claims
10	and only provided conclusory arguments that the balance of equities tips in his favor. *Id.*
11	Accordingly, Plaintiff did not satisfy the *Winter* factors. *Id.*

12	On October 16, 2025, Plaintiff filed a motion for leave to proceed in forma pauperis
13	("IFP"). ECF 7.

14	On October 17, 2025, Plaintiff filed a second motion for temporary restraining order. ECF
15	9. On October 17, 2025, Plaintiff filed errata regarding his second motion for temporary
16	restraining order, including a certification under Federal Rule of Civil Procedure 65(b)(1)(B) with
17	Plaintiff's signature. ECF 10.

18	On October 17, 2025, the Court granted Plaintiff leave to proceed in forma pauperis,
19	subject to the screening of his complaint. ECF 11. After screening Plaintiff's complaint pursuant
20	to 28 U.S.C. § 1915(e)(2), the Court found that Plaintiff's complaint failed to state any claims. *Id.*
21	at 10. Accordingly, the Court dismissed Plaintiff's complaint with leave to amend, directed the
22	Clerk of Court to issue the summons, and directed the U.S. Marshal of the Northern District of
23	California to serve Defendants. *Id.* at 11. Because Plaintiff's complaint was dismissed, the Court
24	denied Plaintiff's second motion for a temporary restraining order. *Id.*

25	On October 20, 2025, the Clerk of Court issued a notice to Plaintiff requesting that
26	Plaintiff provide Defendants' addresses so that the complaint and summons could be served. ECF
27	12. The Clerk's notice stated that Plaintiff "may email a picture or scan of the completed form to
28	4docketing@cand.uscourts.gov," or, alternatively, Plaintiff "may use the self-addressed postage

paid envelope to mail this information to the court." *Id.* On October 21, 2025, Plaintiff filed a motion for extension of time to serve Defendants under Federal Rule of Civil Procedure 4(m). ECF 13. Plaintiff argued that he is unable to physically access the San Francisco and Oakland courthouses, so he is unable to "serve defendants or access Clerk resources and confer with attorney." *Id.* at 2.

On October 24, 2025, the Court denied Plaintiff's requested extension of time, finding no good cause shown, and ordered Plaintiff to provide Defendants' addresses to the Clerk of Court by email or mail pursuant to the Clerk's notice issued on October 20, 2025. ECF 14. Plaintiff's physical appearance at a courthouse is not necessary to comply with the Clerk's notice. *Id.* The Court's also warned Plaintiff that failure to comply with the service deadline may result in dismissal for lack of prosecution, pursuant to Federal Rule of Civil Procedure 41. *Id.*

On October 24, 2025, Plaintiff filed a request for accommodations to access "all federal court facilities in this District" and "[r]easonable modifications to security or access policies so I am not forced to remove or carry my mobility aid." ECF 15. Court staff directed Plaintiff to file this request for accommodations to accommodations@cand.uscourts.gov, since the request extends beyond the matter before this Court.

On October 24, 2025, Plaintiff filed a motion to reconsider the Court's order denying an extension of time for service, ECF 14. ECF 16. On October 25, 2025, Plaintiff filed an amended motion to reconsider, stating that the first motion was "filed in haste to meet deadlines." ECF 17. Plaintiff's amended motion to reconsider contains only a brief factual background and no legal argument supporting the proposition that inability to physically access a courthouse constitutes good cause to extend the service deadline. *Id.*

On October 27, 2025, Plaintiff notified the Court that Plaintiff submitted a complaint to the U.S. Department of Justice regarding "systemic denial of access" by "local, state, federal, and private actors" because of Plaintiff's mobility aid. ECF 18. Plaintiff's Department of Justice complaint involves activity reaching beyond this Court and beyond the facts alleged in this action. *See id.* On October 29, 2025, Plaintiff filed an administrative motion for relief regarding the Court's deadlines, which includes the same arguments as in his original motion for an extension of

3

time, and his motion for reconsideration of the same. ECF 19. Accordingly, Defendants have not yet been served.

On November 6, 2025, Plaintiff appeared for a case management conference without Defendants, who have not yet been served. ECF 6.

## II.   LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall *sua sponte* dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

"'A complaint ... is frivolous where it lacks an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Frivolousness "embraces not only the arguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* (quoting *Neitzke*, 490 U.S. at 328). As the Ninth Circuit has explained, frivolous litigation "is not limited to cases in which a legal claim is entirely without merit .... [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007). A case is also frivolous under § 1915 where there is no standing or subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing that a complaint should be dismissed as frivolous on § 1915 screening where subject matter jurisdiction is lacking).

A case may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). Plaintiff must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations

4

omitted).  Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

### III.  DISCUSSION

First, the Court finds that this action is frivolous because Plaintiff has failed to file an amended complaint since his first complaint was dismissed, ECF 11, and Plaintiff's recent filings do not establish the Court's subject matter jurisdiction.  *See Poorsina v. Bank of Am., N. A.*, No. 23-cv-06644-, 2025 WL 2684387, at *3 (N.D. Cal. July 25, 2025), *report and recommendation adopted in part,* No. 23-cv-06644, 2025 WL 2374858 (N.D. Cal. Aug. 15, 2025) ("One basis for dismissing a complaint as 'frivolous' under section 1915 is if the [c]omplaint fails to sufficiently allege a basis for the Court to exercise jurisdiction over the case.").  In addition to Plaintiff's failure to establish jurisdiction and a basis for relief through an amended complaint, Plaintiff's recent filings raise issues beyond the Court's jurisdiction.  *See, e.g.,* ECF 15 (requesting "[g]uaranteed entry into all federal court facilities in this District" and "modifications to security or access policies"); ECF 16 (seeking assistance from Court Security Officers); ECF 17 (seeking entry to "San Francisco and Oakland federal courthouses," seeking access to "in-house pro bono legal clinics, lawyers, and court resources"); ECF 18 (discussing administrative complaint submitted with federal agencies and subsequent dispute with "DOJ staff").  To the extent Plaintiff has filed this lawsuit to secure administrative accommodations to federal courthouses, the Court lacks jurisdiction to provide these accommodations unless they are raised in connection with a federal case or controversy.  *See Straw v. Facebook*, No. 24-cv-08625, 2025 WL 2597018, at *3 (N.D. Cal. Sept. 8, 2025) (dismissing matter as frivolous under § 1915 where no "well-pleaded complaint" establishes federal question jurisdiction authorizing the Court to hear claims).

Plaintiff has also raised, without noticing any associated motion or asserting subject matter jurisdiction, issues of "subpoenas . . . essential to preserve surveillance video, body-camera footage, and incident logs" that relate to "biometric devices" in his various requests.  ECF 17 at 4; *see In re Stebbins*, No. 25-mc-80278, 2025 WL 2689664, at *2 (N.D. Cal. Sept. 17, 2025)

1  (dismissing claim on § 1915 review where "freestanding request for a subpoena fails to provide a
2  sufficient legal or factual basis for its issuance").  Plaintiff's scattered allegations do not put
3  Defendants on fair notice of what he is claiming, and his failure to establish a matter properly
4  before the Court warrants dismissal on that basis alone. *See Spitters v. Miceli*, 2018 WL 6816110,
5  at *5 (N.D. Cal. Sept. 24, 2018), *report and recommendation adopted*, 2018 WL 6822626 (N.D.
6  Cal. Oct. 15, 2018) (dismissing case as frivolous where plaintiff's allegations "do[] not give
7  defendant fair notice of what a plaintiff is claiming against him"); *Seelig v. Cent. Intel. Agency*,
8  No. 25-cv-06592, 2025 WL 2237672, at *3 (N.D. Cal. Aug. 6, 2025), *report and recommendation
9  adopted*, No. 25-cv-06592, 2025 WL 2418520 (N.D. Cal. Aug. 21, 2025) (dismissing complaint
10 where complaint alleged that several government actors were conspiring to surveil and harass
11 plaintiff).
12         Second, the Court finds that this case must be dismissed as frivolous because Plaintiff has
13 repeatedly ignored the Court's orders and Local Rules.  *See Rothschild v. Wagstaffe*, No. 23-cv-
14 05739, 2024 WL 1558921, at *5 (N.D. Cal. Mar. 29, 2024), *report and recommendation adopted*,
15 No. 23-cv-05739, 2024 WL 6840859 (N.D. Cal. Apr. 15, 2024) (dismissing case pursuant to §
16 1915 when plaintiff missed court deadline after being reminded of it, seeking extension, and being
17 denied).  Plaintiff violated Civil Local Rule 7-9(a) when he noticed a motion to reconsider
18 "without first obtaining leave of Court to file the motion."  Civ. L.R. 7-9(a).  *See* ECF 16; ECF 17;
19 *United States v. Hughes*, No. 18-cv-05931, 2021 WL 179605, at *1 (N.D. Cal. Jan. 19, 2021)
20 (denying "motion to reconsider" as "filed in violation of the Court's local rule" where plaintiff did
21 not first obtain leave of court).  Plaintiff has also been repeatedly notified that physical access to
22 the courthouse is not necessary to comply with the Clerk's notice and timely effectuate service.
23 *See* ECF 12 (Plaintiff may provide Defendants' addresses via email or mail); ECF 14 (same).
24 Despite these clarifications, Plaintiff subsequently filed a request for an extension of time to
25 effectuate service, ECF 13, a second request for the same accommodations, ECF 15, a motion for
26 reconsideration of the denial of his request for an extension of time, ECF 16, an amended motion
27 for reconsideration, ECF 17, and the same request repeated in an administrative motion, ECF 19.
28 *Cf Reyna v. City of Santa Cruz*, No. 23-cv-03121, 2023 WL 6307920, at *2 (N.D. Cal. Sept. 26,

2023) (denying application to reassign to new courthouse as an accommodation for plaintiff, where electronic filing is available). Moreover, Plaintiff has ignored the Court's clarifications that physical access to the courthouse is not necessary to participate in hearings or seek pro bono assistance, and instead he reiterates that his "[d]elays and limitations are the direct result of denial of accommodation by courthouse officials and agencies." ECF 19-1 ¶ 5. Despite being directed to file accommodations requests with accommodations@cand.uscourts.gov, Plaintiff continues to file them on this docket.

Accordingly, the Court finds that the matter is frivolous and *sua sponte* dismissal is warranted pursuant to 28 U.S.C. § 1915(e)(2).

## IV. LEAVE TO AMEND

Pursuant to Rule 15(a)(2), A party may amend its pleadings with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. This policy is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation omitted). The Supreme Court has outlined five factors to consider in deciding whether leave to amend is warranted: (1) bad faith on the part of the movant, (2) undue delay by the movant, (3) repeated amendments by the movant, (4) undue prejudice to the nonmovant, and (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Amendment need not be permitted when it would be futile—that is, when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Invenergy Thermal LLC v. Watson*, No. 23-3857, 2024 WL 5205745, at *3 (9th Cir. 2024) (internal quotation omitted).

Notwithstanding the liberal policy favoring leave to amend for pro se plaintiffs, the Court finds that dismissal with prejudice is warranted because Plaintiff has been warned of the deficiencies in his filings and has failed to cure them. *See Feng v. Alta Bates Summit Med. Ctr.*, No. 25-cv-06598, 2025 WL 2899510, at *3 (N.D. Cal. Oct. 10, 2025) (dismissing case with prejudice pursuant to § 1915 where plaintiff raised over a dozen "insubstantial" claims); *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the

plaintiff has previously been granted leave to amend and has subsequently failed to [correct the deficiencies] the district court's discretion to deny leave to amend is particularly broad.").

Accordingly, the Court denies leave to amend as futile.

## V.    CONCLUSION

For the reasons stated above, the Court **DISMISSES** the case **WITH PREJUDICE**. Accordingly, the Court **DENIES** all pending motions and **VACATES** existing deadlines. The Clerk of Court shall terminate the case.

The Order resolves ECF 16, 17, 19.

IT IS SO ORDERED.

Dated: November 7, 2025

_____
TRINA L. THOMPSON
United States District Judge